No. 00-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 76

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSHUA DAVID GIDDINGS,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Helena, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Mike McGrath, Lewis and Clark County Attorney, Lisa Leckie, Deputy Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: October 19, 2000
Decided: April 26, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Joshua David Giddings appeals a decision of the District Court for the First Judicial District, Lewis and Clark County, revoking his four year suspended sentence. We reverse.

¶2 Giddings raises the following issues on appeal:

¶3 1. Whether the District Court had jurisdiction to hold a hearing on the petition to revoke Giddings' suspended sentence.

¶4 2. Whether Giddings was provided ineffective assistance of counsel at the revocation hearing.

¶5 3. Whether the District Court abused its discretion in revoking Giddings' suspended sentence.

¶6 4. Whether this matter needs to be remanded to the District Court to allow the court to consider any elapsed time on the suspended sentence as credit against the sentence.

¶7 Because we hold that issue 1 is dispositive, we do not address the remaining issues.

**Factual and Procedural Background**

¶8 On February 26, 1998, an information was filed with the First Judicial District Court, charging Giddings with the offense of partner or family member assault, a felony. On November 4, 1998, Giddings entered a guilty plea pursuant to a plea agreement with the State. The District Court sentenced Giddings to four years with the Department of Corrections with all but 30 days of that time suspended.

¶9 On July 21, 1999, the Deputy County Attorney for Lewis and Clark County filed a petition to revoke Giddings' suspended sentence. The petition was based on a July 15,

1999 report prepared by Giddings' probation and parole officer alleging that Giddings failed to make payments toward the fine that was a condition of his suspended sentence; changed his place of residence without obtaining prior permission from his probation officer; failed to report to his probation officer as directed; failed to get counseling assessment for his chemical dependency; failed to obtain anger management counseling; entered an establishment where alcohol was served in May 1999, and consumed alcohol; and possessed and ingested marijuana during February and March of 1999.

¶10 Giddings was arrested on August 1, 1999, on a probation violation warrant dated June 22, 1999, issued by his probation officer. He was held without bond on the warrant and instructed to appear in Helena City Court the following day. On August 2, 1999, while Giddings was detained in the Lewis and Clark County Detention Center, he was also served with a warrant for his arrest issued by the District Court Judge and dated July 22, 1999. This warrant was based on the July 21, 1999 petition to revoke Giddings' suspended sentence filed by the Deputy County Attorney. The Judge set Giddings' bail at $5,000.

¶11 A hearing on the petition to revoke Giddings' suspended sentence was held on November 10, 1999. At the hearing, the District Court Judge asked Giddings to respond to each alleged violation. Thereafter, the court heard evidence from both sides.

¶12 In a November 16, 1999 order, the District Court revoked Giddings' suspended sentence and sentenced him to the Department of Corrections for four years. The court recommended that Giddings' be placed in an appropriate community-based program, specifically, the Treasure State Correctional Training Facility. The court further ordered that if Giddings successfully completed the boot camp program, he could petition the court to suspend the remaining portion of his sentence. Giddings appeals the District Court's order.

## Discussion

¶13 *Whether the District Court had jurisdiction to hold a hearing on the petition to revoke Giddings' suspended sentence.*

¶14 Giddings argues that pursuant to § 46-23-1012(4), MCA, a hearings officer from the probation and parole bureau was required to hold a hearing within 36 hours of Giddings' arrest to determine if there was probable cause to believe that Giddings had violated his probation. Giddings contends that since no such hearing was held within 36 hours of his

arrest, as required by § 46-23-1012(4), MCA, the District Court lacked jurisdiction to hold a revocation hearing for the technical violations of probation alleged in the probation violation report.

¶15 The State argues that this issue was never presented to the District Court, hence it is waived for purposes of appeal. However, the issue of subject matter jurisdiction may be raised by a party, or by the court itself, at any stage of a judicial proceeding. *State v. Tweedy* (1996), 277 Mont. 313, 315, 922 P.2d 1134, 1135 (citing *In re Marriage of Miller* (1993), 259 Mont. 424, 426, 856 P.2d 1378, 1380).

¶16 Giddings contends that while in *State v. Swan* (1986), 220 Mont. 162, 713 P.2d 1003, we held that a probable cause hearing or preliminary examination was not required under Montana's statutes regarding revocation of probationary sentences, the 1999 Legislature changed § 46-23-1012, MCA, to require a probable cause hearing prior to a revocation hearing in the district court. The State contends, on the other hand, that there is no merit to Giddings' argument since a probable cause hearing is required only where the probationer is dealt with administratively through the probation violator prison diversion program as described in § 46-23-1012(4), MCA. The State argues that where the probationer is arrested on a bench warrant and is processed through the judicial system, an administrative hearing on probable cause is not required.

¶17 In our recent decision in *State v. Goebel*, 2001 MT 73, ___ Mont. ___, ___ P.3d ___, we discussed the changes to § 46-23-1012, MCA, by the 1999 Legislature. We held in *Goebel* that a hearing under § 46-23-1012(4), MCA, to determine probable cause is mandatory when an offender has been arrested pursuant to a warrant issued by a judge. *Goebel*, ¶ 20.

¶18 In the case *sub judice*, Giddings was arrested on August 1, 1999, pursuant to a warrant issued by his probation officer. However, the following day, he was also served with a warrant for his arrest issued by the District Court. Consequently, under our decision in *Goebel*, a probable cause hearing was required in this case within 36 hours of Giddings' arrest pursuant to the warrant issued by the District Court. Said hearing was never held.

¶19 Accordingly, because we hold that the probation and parole bureau failed to hold a hearing pursuant to § 46-23-1012(4), MCA, within 36 hours of Giddings' arrest, the District Court lacked jurisdiction to hold a revocation hearing.

¶20 Reversed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART