No. 01-016

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 277

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DARRYL JOHNSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael Klinkhammer, Deputy Yellowstone County Public Defender, Billings, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney;

Daniel L. Schwarz, Deputy County Attorney, Billings, Montana

Submitted on Briefs: August 9, 2001
Decided: December 19, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Appellant, Darryl Johnson, was charged by Information filed in the District Court for the Thirteenth Judicial District in Yellowstone County with criminal possession of dangerous drugs, a felony. Pursuant to a plea agreement, Johnson plead guilty and was sentenced to five years in the Montana State Prison, all of which was suspended. Nine months later, the Respondent, State of Montana, petitioned the District Court to revoke Johnson's suspended sentence. Johnson filed a motion to dismiss the revocation proceedings and to remand the matter to the Department of Corrections for proceedings consistent with § 46-23-1012(4), MCA (1999). The District Court denied Johnson's motion. Johnson now appeals the order of the District Court. We affirm.

¶2 The sole issue on appeal is whether the District Court erred when it denied Johnson's motion to dismiss the revocation proceedings and remand this matter to the Department of Corrections for proceedings consistent with § 46-23-1012(4), MCA (1999).

## FACTUAL BACKGROUND

¶3 On September 15, 1999, Johnson plead guilty in the Thirteenth Judicial District Court to one count of criminal possession of dangerous drugs, in violation of § 45-9-102, MCA, and was subsequently sentenced to five years in the Montana State Prison. The District Court suspended all five years of the sentence and imposed conditions on the suspended sentence.

¶4 On August 23, 2000, the State filed a petition to revoke Johnson's suspended sentence. The affidavit in support of the petition cited several sentence violations, which included Johnson's failure to: conduct himself in a law abiding manner; provide an accurate description of his place of residence; report to a supervising officer; abstain from

consuming alcoholic beverages; maintain legitimate employment; and undergo a chemical dependency evaluation. The affidavit also indicated that Johnson absconded from supervision prior to his arrest on an August 21, 2000, field warrant. Johnson was not arrested pursuant to a court issued warrant.

¶5 On September 27, 2000, in response to the State's petition, Johnson filed a motion to dismiss the revocation proceedings, brought pursuant to § 46-23-1013, MCA (1999), and to remand the matter to the Department of Corrections for proceedings pursuant to § 46-23-1012(4), MCA (1999). On October 12, 2000, the District Court denied Johnson's motion. At a revocation hearing on October 18, 2000, Johnson admitted that he violated certain conditions of the suspended sentence. On November 1, 2000, the District Court revoked Johnson's previous suspended sentence and imposed a new five-year sentence. The District Court again suspended the sentence, reimposed the initial conditions, and ordered Johnson to complete the Intensive Supervision Program.

¶6 On November 28, 2000, the State filed another petition to revoke Johnson's suspended sentence on the grounds that Johnson had not been accepted by the Intensive Supervision Program. On December 1, 2000, Johnson filed a notice of appeal challenging the District Court's order which denied his motion to dismiss and remand the revocation proceedings. The District Court continued its consideration of the second petition to revoke pending resolution of this appeal.

## STANDARD OF REVIEW

¶7 The grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo*. *State v. Goebel*, 2001 MT 73, ¶ 10, 305 Mont. 53, ¶ 10, 31 P.3d 335, ¶ 10. Our standard of review of a conclusion of law being plenary, we review a district court's denial of a motion to dismiss to determine whether the court's conclusion of law is correct. *Goebel*, ¶ 10.

## DISCUSSION

¶8 Did the District Court err when it denied Johnson's motion to dismiss the revocation proceedings and remand this matter to the Department of Corrections for proceedings consistent with § 46-23-1012(4), MCA (1999)?

¶9 In 1999, the Montana Legislature added subsections (4) and (5) to § 46-23-1012, MCA.

Among other things, these subsections provide for an administrative probable cause hearing and an intermediate sanction for probation violators, the probation violator prison diversion program. The intermediate sanction permits a sentence of up to thirty days in a detention center and serves as an alternative to judicial revocation hearings for those violators who commit technical violations of their probation.

¶10 Section 46-23-1012(4), MCA (1999), provides:

> Any probation and parole officer may hold a defendant arrested under subsection (1) without bail for 72 hours. After the arrest of the defendant pursuant to this subsection, a hearings officer for the probation and parole bureau shall hold a hearing within 36 hours of the defendant's arrest. The hearings officer shall determine whether there is probable cause to believe that the defendant has violated a condition of probation and, if probable cause exists, notify the sentencing court and determine an appropriate plan to ensure the defendant's compliance with the conditions of probation. An appropriate plan may include:
>
> (a) holding the defendant for a period of time up to 30 days, with credit for any time served from the time of the arrest to the time of the hearing to determine probable cause;
>
> (b) a request to the court pursuant to 46-23-1011 to modify the defendant's terms or conditions of probation; or
>
> (c) a notification to the court with jurisdiction over the defendant pursuant to 46-23-1013.

This section refers to § 46-23-1012(1), MCA (1999), which authorizes the court to issue a warrant for the arrest of a probation violator. Notably, § 46-23-1012(4), MCA (1999), makes no mention of § 46-23-1012(2), MCA (1999), which authorizes a probation or parole officer to arrest a defendant without a warrant when the defendant, in the officer's judgment, violates the conditions of his or her release.

¶11 Johnson was arrested pursuant to § 46-23-1012(2), MCA (1999), for committing "technical violations" of his probation. However, Johnson argued in the District Court that § 46-23-1012(4), MCA (1999), should apply to the disposition of his probation violation because the Legislature could not have intended for its provisions to apply to violators

arrested pursuant to a court's warrant.

¶12 The District Court disagreed with Johnson. In denying Johnson's motion, the District Court concluded that § 46-23-1012(4), MCA (1999), applied only to those court ordered arrests provided for in § 46-23-1012(1), MCA (1999). Since Johnson was arrested pursuant to § 46-23-1012(2), MCA (1999), the District Court initiated revocation proceedings pursuant to § 46-23-1013, MCA (1999).

¶13 On appeal, Johnson cites *In re Marriage of Syverson* (1997), 281 Mont. 1, 19, 931 P.2d 691, 702, for the proposition that this Court has a duty to look beyond the language of a statute if its literal application would compel an odd result. Johnson maintains that to hold an administrative probable cause hearing to review a court ordered arrest warrant, issued for probable cause, compels an odd result. Johnson insists the Legislature intended the administrative probable cause hearing and prison diversion program to apply to probationers arrested on technical violations pursuant to § 46-23-1012(2), MCA (1999). Since Johnson committed technical violations of his probation, Johnson suggests he is exactly the type of probationer contemplated by the Legislature when it authorized the intermediate sanction. Johnson contends that the reference in § 46-23-1012(4), MCA (1999), to subsection (1) rather than subsection (2), was merely a typographical error. Therefore, Johnson requests that this Court reverse the District Court's order and remand this matter to the Department of Corrections for proceedings consistent with § 46-23-1012 (4), MCA (1999).

¶14 After the parties filed their briefs, we decided *State v. Goebel*, 2001 MT 73, 305 Mont. 53, 31 P.3d 335, and *State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475. The parties in *Goebel* and *Giddings* disputed the meaning and effect of the very statute at issue in this case. In *Goebel*, we recognized that statutory language must be construed according to its plain meaning and if the language is clear and unambiguous, no further interpretation is required. *Goebel*, ¶ 16.

¶15 In construing § 46-23-1012, MCA (1999), we stated:

> [T]he phrase "this subsection" in § 46-23-1012(4), MCA, does not mandate the probation and parole bureau hold the hearing described in subsection (4) in every case of alleged probation violation before the court may proceed under § 46-23-1013, MCA. . . . The first sentence of § 46-23-1012(4), MCA, states: "Any probation and parole officer may hold a defendant arrested under subsection (1)

without bail for 72 hours." The next sentence of subsection (4) states, in part: "After the arrest of the defendant pursuant to *this subsection* . . . (emphasis added)." Because a defendant may only be arrested under the provisions of subsections (1) and (2), the phrase "[a]fter the arrest of the defendant pursuant to this subsection," cannot refer to the entirety of § 46-23-1012, MCA . . . . Clearly, "this subsection" relates back to the reference in the previous sentence to subsection (1), which allows a judge to issue a warrant or notice to appear.

*Goebel, ¶ 19. Therefore, we held that based on the plain meaning of § 46-23-1012, MCA (1999), a probable cause hearing is only mandatory when an offender has been arrested pursuant to a warrant issued by a judge. Goebel, ¶ 20.*

¶16 Here, Johnson acknowledges that he was not arrested pursuant to a court ordered warrant. We need not engage in a lengthy analysis of the Legislature's intent in promulgating § 46-23-1012, MCA (1999), as Johnson urges, since we have determined that the language of the statute is clear and unambiguous on its face. *See Goebel*, ¶ 21. The District Court correctly concluded that § 46-23-1012(4), MCA (1999), only applies to those probation violators arrested pursuant to a court ordered warrant. Therefore, we conclude that the District Court did not err when it denied Johnson's motion to dismiss the § 46-23-1013, MCA (1999), proceedings and remand the matter to the Department of Corrections. Accordingly, the order of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM RICE

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART