No. 02-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 231N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

CHRISTOPHER LAMB,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Kelli S. Sather, Deputy Public Defender, Missoula, Montana; Eric Olson, Chief Public Defender, Great Falls, Montana

        For Respondent:

            Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: September 12, 2002

Decided:   October 15, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Christopher Lamb (Lamb), by counsel, appeals from the District Court's Dispositional Order entered on December 14, 2001.[1]  This Dispositional Order reflected the court's determination that Lamb violated the conditions of his probation, with the result that Lamb's previous five-year suspended sentence was revoked and he was sentenced to the Department of Corrections for five years for the crime of felony theft, subject to all conditions set forth in his previous sentence.  We affirm.

¶3    Lamb was charged with felony theft in Cascade County District Court on January 20, 1998. He pled guilty to this offense pursuant to a plea agreement and was committed to the Department of Corrections for five years, suspended, with conditions, on March 4, 1999.

¶4    The State petitioned to revoke Lamb's suspended sentence in April 1999, based on the

_____

[1]The record reflects on or about January 5, 2002, the District Court amended its Dispositional Order on Lamb's motion to reflect his entitlement to 931 days credit for time served prior to the hearing on the Dispositional Order, December 3, 2001.  This amendment is not at issue.

2

probation officer's report of violation. At the revocation hearing held on September 17, 1999, Lamb having answered true to some of the alleged probation violations, the court revoked his five-year suspended sentence and committed him to the Department of Corrections for five years subject to the same conditions it had previously imposed.

¶5 In April 2001, we handed down our decision in *State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475. The effect of our decision was to render void probation revocation proceedings where, as in Lamb's case, a probation officer had brought the defendant into custody on a bench warrant and where no probable cause hearing was held within 36 hours of arrest, as then required by § 46-23-1012, MCA (1999).

¶6 By reason of this decision, Lamb filed a Petition for Writ of Habeas Corpus requesting the benefit of the *Giddings* decision. In response thereto, and in accordance with our decision in *State v. Goebel*, 2001 MT 155, 306 Mont. 83, 31 P.3d 340, the Cascade County Attorney renewed his petition to revoke Lamb's suspended sentence. Based on *Goebel*, the District Court issued a bench warrant on August 27, 2001, along with an order authorizing the Department of Corrections to hold Lamb without bond in the Montana State Prison pending further order of the court. In the meantime, we granted Lamb's request for habeas corpus relief and ordered that he be released from custody with respect to the original Cascade County Cause, No. ADC-98-022.

¶7 Lamb was subsequently transferred to Cascade County for the re-revocation proceeding. On the basis of his denial of the various probation violations, the court set a dispositional hearing, appointed counsel and set bail. As a result of a reduction in bail, Lamb was released from custody on October 10, 2001. At the dispositional hearing on December 3, 2001, Lamb's probation officer testified, as did Lamb and his work supervisor. Based on the testimony, the trial court concluded

3

that Lamb had violated his probation and, again, revoked his suspended sentence.

¶8     On appeal Lamb argues that his United States and Montana constitutional rights were violated when he was held on a no-bond probationary hold for longer than 72 hours. Lamb contends that § 46-23-1012(3), MCA (2001), requires that a probationer held under the authorization of a probation officer has to either be released, have an intervention hearing, or have arrangements made to appear before a judge to set bail within 72 hours of his detention. Lamb contends that since this was not done, his rights were violated and the re-revocation of his suspended sentence should be reversed as being illegal.

¶9     The State argues that Lamb did not raise this argument in the court below. Indeed, the record reflects that at the dispositional hearing, Lamb's counsel argued his client's honesty in admitting his past mistakes; his client's motivation in completing various rehabilitative programs and good conduct in prison; his client's express willingness to get involved in programs within the community; and his client's various efforts to reform his conduct. At no time did Lamb raise the issue of an alleged violation of § 46-23-1012(3), MCA (2001), that he does now.

¶10    It is well settled that we will not consider issues raised for the first time on appeal when the appellant had opportunity to make objection at the trial level. *State v. Peterson*, 2002 MT 65, ¶ 21, 309 Mont. 199, ¶ 21, 44 P.3d 499, ¶ 21 (citing *State v. Weeks* (1995), 270 Mont. 63, 85, 891 P.2d 477, 490-91). Failure to object in the trial court proceedings constitutes a waiver of the objection, § 46-20-104, MCA, unless the circumstances come within one of the exceptions, § 46-20-701(2), MCA. None of those exceptions are present, nor does Lamb so argue. Accordingly, the State's waiver argument has facial merit.

¶11    That said, Lamb contends that his re-revocation was "illegal" because of the trial court's

alleged error in failing to comply with § 46-23-1012(3), MCA. Accepting that claim, arguendo, we also adhere to the rule that we will review any sentence imposed in a criminal case[2] if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing. *State v. Brister*, 2002 MT 13, ¶ 16, 308 Mont. 154, ¶ 16, 41 P.3d 314, ¶ 16.

¶12 However, if we review Lamb's argument on its merits, his argument still fails. In *Gonzales v. Mahoney*, 2001 MT 259, 307 Mont. 228, 37 P.3d 653, the probationer argued that his detention on a probation re-revocation warrant violated his constitutional guarantee against double jeopardy and that the proceeding was invalid because the requirements of § 46-23-1012(3), MCA, were not followed. *Gonzales*, ¶ 4. As in Lamb's case, the re-revocation proceeding in *Gonzales* commenced with the filing of a formal petition to revoke, and the issuance of a bench warrant for Gonzales' arrest. *Gonzales*, ¶ 3.

¶13 Rejecting Gonzales' double jeopardy argument, we observed that § 46-23-1012, MCA, contemplates dual revocation proceedings and that a formal proceeding initiated pursuant to § 46-23-1012(1), MCA, and § 46-18-203, MCA, is not subject to the time and procedural requirements set forth in § 46-23-1012(3), (4) and (5), MCA. *Gonzales*, ¶ 11.

¶14 In the instant case, Lamb was arrested on a bench warrant issued by Judge McKittrick on August 27, 2001, the same day that the petition for re-revocation was filed. The warrant was

---

[2]While choosing to reach the merits of Lamb's argument, we also acknowledge our case law that states that probation revocation proceedings do not involve criminal adjudications or impose punishment for any new offense. *State v. Oppelt* (1979), 184 Mont. 48, 53-54, 601 P.2d 394, 397-98.

accompanied by an order authorizing the Department of Corrections to retain custody of Lamb pursuant to the warrant and to hold him without bond until further order of the court.

¶15    Importantly, Lamb was not arrested by his probation officer pursuant to § 46-23-1012(3), MCA, but rather, was detained under the formal proceedings outlined in § 46-23-1012(1), MCA, and § 46-18-203, MCA.  Accordingly, Lamb's argument fails for the same reason that Gonzales' did. The dispositional proceeding and the District Court's re-revocation of Lamb's probation was neither illegal nor void under the governing statutes.

¶16    Accordingly, the District Court is affirmed.


                                        /S/ JAMES C. NELSON
We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART