No. 04-038

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 225N

CORY ALAN SPRINKLE,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. CDC 93-66,
                    Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Cory Alan Sprinkle, pro se, Helena, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
        Assistant Attorney General, Helena, Montana

        Leo Gallagher, County Attorney, Helena, Montana

                  Submitted on Briefs:  June 15, 2004

                              Decided:  August 24, 2004

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Cory Alan Sprinkle (Sprinkle) appeals from the order entered by the First Judicial District Court, Lewis and Clark County, on October 27, 2003, dismissing his petition for postconviction relief as time-barred pursuant to § 46-21-102, MCA.

¶3 Sprinkle was convicted of criminal possession of dangerous drugs on June 29, 1993, and sentenced to ten years incarceration with five years suspended, plus conditions. Sprinkle did not appeal or challenge the conviction or sentence.

¶4 On March 4, 1996, Sprinkle was released to probation. A year and a half later the State petitioned to revoke the suspended sentence because Sprinkle violated the conditions of his probation. Sprinkle admitted violating probation. On February 18, 1999, Sprinkle's suspended sentence was revoked, and the five-year sentence was imposed.

¶5 Sprinkle did not appeal or challenge the 1999 sentencing until July 2001 when he filed a petition for postconviction relief. The District Court did not rule on that petition.

¶6 Sprinkle filed an amended petition in August 2003, raising subject matter jurisdiction, due process, and double jeopardy claims. The District Court denied the petition as time-barred. Sprinkle now appeals.

¶7    Did the District Court err in denying postconviction relief?

¶8    Sprinkle argues that the District Court lacked jurisdiction to impose a sentence which included both a prison term and a suspended portion, and he maintains his petition was timely because jurisdictional issues can be raised at any time. However, the District Court had authority under § 46-18-201, MCA (1991), to impose a sentence which involved both incarceration and a partially-suspended sentence, and, further, it had authority to resentence him following revocation.

¶9    Sprinkle also contends that his sentence violates due process and subjects him to double jeopardy. However, the constitutional issues raised by Sprinkle have already been settled, *see, e.g., Gonzales v. Mahoney*, 2001 MT 259, 307 Mont. 228, 37 P.3d 653, and are, in any event, time-barred by § 46-21-102, MCA, because he filed his petition more than one year after finalization of the conviction.

¶10   Because we conclude that the District Court had jurisdiction to impose the sentence upon Sprinkle, we need not address whether Sprinkle's jurisdictional claim was time-barred by § 46-21-102, MCA.

¶11   It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶12   We affirm the judgment of the District Court.

3

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM REGNIER