FILED

08/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0393

DA 15-0393

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 189

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

WILLIAM ROSSBACH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-01-60
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
            Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Steven Eschenbacher, Lake County Attorney, Benjamin Anciaux, Deputy
            County Attorney, Polson, Montana

Submitted on Briefs:  May 25, 2016

Decided:  August 9, 2016

Filed:

                                 Clerk

Chief Justice McGrath delivered the Opinion of the Court.

¶1     The Appellant, William Rossbach ("Rossbach"), appeals from a 2015 judgment and sentence in the District Court for the Twentieth Judicial District, Lake County.  We affirm.

## ISSUE PRESENTED

¶2     *Did the District Court err in denying Rossbach's motion to dismiss the revocation of his sentence pursuant to § 46-23-1012(2), MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Rossbach pled guilty to a robbery in 2001.  The District Court sentenced Rossbach to fifteen years at the Montana State Prison with eleven years suspended, subject to conditions.  Since 2001 the District Court has revoked Rossbach's sentence three times.  The latest revocation occurred in May 2015 and is the basis for this appeal.

¶4     Rossbach was discharged to probationary supervision from the Crossroads Correctional Center in April 2014.  Probation Officer Amy Rehbein ("Rehbein") was familiar with Rossbach and testified to Rossbach's initial attempts to comply with the conditions of his release.  However, after using methamphetamines, Rossbach became unpredictable and violated several conditions of his probation.  On March 4, 2015, Rehbein faxed an Authorization to Pick Up and Hold Probationer (also known as a "field warrant") to the Lake County Detention Center.  The field warrant included statements that detailed Rossbach's probation violations and an authorization to arrest and hold him.  Rossbach was arrested and placed in the Lake County Detention Center on March 6, approximately 36 hours after the field warrant was faxed to the detention center.  The

2

Lake County attorney filed a formal petition to revoke in the District Court on March 12, 2015.

¶5    Rossbach filed a motion to dismiss the petition on the grounds that the State did not comply with the statutory procedure set forth in § 46-23-1012(2), MCA.  The District Court denied the motion to dismiss at a hearing on May 6, revoked his probation and sentenced Rossbach to the Department of Corrections for four years with credit for time served.

## STANDARD OF REVIEW

¶6    We review a district court's interpretation and application of a statute de novo. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819.  Our review of a conclusion of law is plenary; thus, we determine on appeal whether a district court's application of the law is correct.  *State v. Johnson*, 2001 MT 277, ¶ 7, 307 Mont. 317, 37 P.3d 701.

## DISCUSSION

¶7    *Did the District Court err in denying Rossbach's motion to dismiss the revocation of his sentence pursuant to § 46-23-1012(2), MCA?*

¶8    In interpreting a statute this Court looks to the plain meaning of the language included therein.  *State v. Strong*, 2015 MT 251, ¶ 13, 380 Mont. 471, 356 P.3d 1078 (citing *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487).  We also follow Montana's maxims of jurisprudence, which oblige us to disregard trifles, interpret the law reasonably, and avoid requiring idle acts.  *See* §§ 1-3-223, -224, -233, MCA.

¶9 Individuals on probation have diminished liberty interests and are subject to stark sanctions for violations of conditions of probation. *See State v. Macker*, 2014 MT 3, ¶ 9, 373 Mont. 199, 317 P.3d 150. Accordingly, § 46-23-1012(2), MCA, authorizes a probation officer to arrest a probationer without a warrant if the probationer has "in the judgment of the probation . . . officer, violated the conditions of probation." Furthermore, "[a] written statement or oral authorization delivered with the probationer by the arresting officer to the official in charge of a detention center is sufficient warrant for the detention of the probationer if the probation and parole officer delivers the written statement within 12 hours of the probationer's arrest." Section 46-23-1012(2), MCA.

¶10 In this case, Rehbein faxed a written statement thirty-six hours before Rossbach was arrested and held in the Lake County Detention Center. Rossbach contends on appeal that the State did not follow the statutory procedure as stated in § 46-23-1012(2), MCA, because the written statement was not delivered to the detention center between the moment of his arrest and twelve hours later. He contends that the State did not comply with the plain meaning of the statute.

¶11 Implicit in Rossbach's appeal is the suggestion that the District Court's denial of his motion rises to the level of a Due Process violation. A revocation hearing is not a criminal trial, but a civil proceeding in which the "offender is not entitled to the full spectrum of rights and protections that exist in a criminal trial." *State v. Finley*, 2003 MT 239, ¶ 31, 317 Mont. 268, 77 P.3d 193. Section 46-23-1012(2), MCA, is written so the "official in charge of a detention center" receives, no later than twelve hours after the arrest sufficient cause to hold the probationer. The statute does not require service of the

4

statement on the probationer. Section 46-23-1012(2), MCA. The purpose of the statute is to give the detention center timely written authority to hold the probationer, and does not impose an additional due process obligation upon the probation officer for the benefit of the defendant.[1] The early delivery of the notice did not prejudice any of Rossbach's rights.

¶12 While it is accurate that the specific language used in the statute requires delivery of the statement "within 12 hours of the probationer's arrest," nothing in the statute precludes the probation officer from filing an earlier notice. Section 46-23-1012(2), MCA. Considering the evident purpose of the statute, a reasonable construction of "within 12 hours" can accommodate the interpretation that the notice must be delivered no later than twelve hours after arrest.[2] Statutory language should be interpreted so as to carry out its intended purpose. *S.L.H. v. State Comp. Mut. Ins. Fund*, 2000 MT 362, ¶ 16, 303 Mont. 364, 15 P.3d 948 (citing *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455, 113 S. Ct. 2173, 2182 (1993)).

¶13 Rossbach's analysis suggests that if Rehbein had delivered the same field warrant a second time twelve hours after his arrest rather than thirty-six hours before, the State would have complied with the statute. Such an interpretation of § 46-23-1012(2), MCA,

---

[1] If the field warrant is not delivered within twelve hours following the arrest, the detention facility would be free to release the prisoner.

[2] The word "within" serves to limit the length of time during which an action is allowable. The term is often used this way in statutes of limitations. *See, e.g., Cobb v. Saltiel*, 2009 MT 171, ¶¶ 26-27, 350 Mont. 501, 210 P.3d 138; *Anderson v. BNSF Ry.*, 2015 MT 240, ¶ 9, 380 Mont. 319, 354 P.3d 1248; *Johnston v. Centennial Log Homes & Furnishings, Inc.*, 2013 MT 179, ¶ 61, 370 Mont. 529, 305 P.3d 781 (J. McKinnon dissenting). Such statutes require a complaint to be filed no later than the end date provided.

is unreasonable, serves no evident purpose, and would require an idle act which we will not read into to the statute. Sections 1-3-223, -224, -233, MCA.

## CONCLUSION

¶14 For the foregoing reasons, we cannot agree that the District Court erred in denying the motion to revoke the petition. The District Court's Judgment of May 7, 2015, is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE