No. 03-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 67

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KELLY DEE MEGARD,

Defendant and Appellant.

APPEAL FROM:     District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause Nos. DC 99-05,  99–28, 01-29
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Amy Guth, Attorney at Law, Libby, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Tammy Plubell,
Assistant Attorney General, Helena, Montana

Robert Slomski, Deputy Lincoln County Attorney, Libby,
Montana

Submitted on Briefs:  January 21, 2004

Decided:   March 23, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Kelly Dee Megard appeals from the order entered by the Nineteenth Judicial District Court, Lincoln County, which revoked his suspended sentences. We affirm.

¶2    The issue is whether the District Court violated Megard's due process rights by admitting telephonic testimony at a hearing on a petition to revoke his suspended sentences.

## BACKGROUND

¶3    Megard was incarcerated on three separate felony convictions and sentences, two for driving under the influence of alcohol (DUI) and one for carrying a concealed weapon. Each sentence contained a suspended sentence with numerous conditions. The conditions included, in pertinent part, requirements that Megard (1) refrain from violating state or federal laws; (2) undergo a chemical dependency evaluation and comply with the evaluator's recommendations, if his probation officer so required; (3) refrain from the use or possession of any intoxicants or drugs, except legal nonprescription drugs or those prescribed by a physician; and (4) submit to random chemical tests of blood, breath, hair or urine, upon his probation officer's request. The suspended portions of the DUI sentences also required Megard to pay fines, fees and surcharges. Megard completed the unsuspended portions of his sentences and began serving his suspended sentences in January of 2003.

¶4    On March 8, 2003, Lincoln County Sheriff's Deputy Terry L. Watson responded to a report of a disturbance and took Megard into custody. The State of Montana subsequently petitioned to revoke all three suspended sentences, attaching an affidavit of Megard's probation officer in support. The petitions alleged Megard possessed beer and vodka, had

a blood alcohol content of .069, assaulted another inmate at the Lincoln County Detention Center (LCDC), refused to provide a urine sample requested by his probation officer, failed to attend chemical dependency counseling as required by his probation officer, and failed to pay fines, fees and surcharges.

¶5　Megard responded by admitting he violated the condition prohibiting use and possession of intoxicants and waiving his right to a hearing on that violation.  He denied the rest of the alleged violations.  The State later amended its petitions to include allegations that Megard violated both the prohibition against violating federal and state laws and the prohibition against possessing unauthorized intoxicants or drugs by consuming methamphetamine.

¶6　On April 10, 2003, the District Court scheduled an evidentiary hearing for April 30.  On April 15, the State moved to reschedule the evidentiary hearing based on the prosecutor's unavailability, and advised the court that defense counsel objected to continuing the hearing to a date later than April 30 due to Megard's incarceration.  The District Court rescheduled the hearing for April 24, 2003, to accommodate both counsels' needs.

¶7　Three days before the hearing, the State moved the District Court to allow telephonic testimony from Watson and LCDC Officer Roy Allen Rowberry because both were attending courses at the Montana Law Enforcement Academy and were not available to appear in person.  Megard objected, relying on Rule 611(e), M.R.Evid., and *Bonamarte v. Bonamarte* (1994), 263 Mont. 170, 866 P.2d 1132.  The District Court granted the State's motion,

reasoning that Rule 611(e), M.R.Evid., and *Bonamarte* were inapplicable and that Megard's fundamental rights would be adequately protected.

¶8     At the beginning of the evidentiary hearing, Megard admitted he possessed and consumed methamphetamine, thus admitting the two additional violations set forth in the amended petitions. The State presented testimony from eight witnesses, including Megard's probation officer, Megard's employer, inmates from Megard's former cellblock at LCDC, Watson and Rowberry by telephone, and other law enforcement personnel. Megard and his girlfriend testified on his behalf.

¶9     The District Court found–with regard to the alleged violations not admitted by Megard–that Megard committed the assault and refused to submit to a urine test, thereby violating the related conditions of his suspended sentences. It determined the State had not proven by a preponderance of the evidence that Megard failed to comply with his probation officer's direction regarding the chemical dependency evaluation or failed to pay his fines, fees and surcharges while having the capacity to do so. The District Court revoked Megard's suspended sentences. Megard appeals.

## STANDARD OF REVIEW

¶10     Asserted violations of the constitutional right of due process present questions of law, and our review is plenary. *State v. Finley*, 2003 MT 239, ¶ 10, 317 Mont. 268, ¶ 10, 77 P.3d 193, ¶ 10 (citations omitted).

**DISCUSSION**

¶11 Did the District Court violate Megard's due process rights by admitting telephonic testimony at a hearing on a petition to revoke his suspended sentences?

¶12 When the State files a petition showing probable cause that an offender has violated a condition of a suspended sentence, a district court may issue an order for a hearing on revocation and an arrest warrant. Section 46-18-203(1), MCA. At the offender's initial appearance, the court must advise the offender of the petition's allegations, the opportunity to appear and present evidence, the opportunity to question adverse witnesses and the right to counsel. Section 46-18-203(4), MCA. If, after a hearing on the petition, the court determines the State has proven by a preponderance of the evidence that the offender violated a condition of a suspended sentence, the court may revoke the suspension. Section 46-18-203(6), (7)(iii), MCA.

¶13 Here, the District Court determined Megard violated the three drug and alcohol conditions he admitted and, in addition, failed to submit a urine sample upon request and assaulted another inmate at LCDC. On appeal, Megard does not challenge the in-court testimony establishing his failure to provide a urine sample. He challenges only the telephonic testimony supporting the allegation that he assaulted another inmate at LCDC.

¶14 Megard contends that in the absence of exigent circumstances or consent, the telephonic testimony was inadmissible under *Bonamarte*. He also asserts that Rule 611(e), M.R.Evid., precluded the use of telephonic testimony at his revocation hearing. Finally, he

5

argues that the admission of telephonic testimony violated his right to confront adverse witnesses. We address each argument in turn.

¶15 Megard first argues the telephonic testimony was inadmissible under *Bonamarte*. Absent special circumstances or the parties' consent, telephonic testimony generally is not allowed in trials. *Bonamarte*, 263 Mont. at 177, 866 P.2d at 1136 (citation omitted). Requiring an individual to testify in person serves six important policies and purposes: (1) assisting the factfinder in evaluating witness credibility; (2) establishing the identity of the witness; (3) impressing upon the witness the seriousness of the occasion; (4) assuring the witness is not coached or influenced during the testimony; (5) preventing the witness from improperly referring to documents; and (6) providing a right of confrontation when required. *Bonamarte*, 263 Mont. at 174, 866 P.2d at 1134 (citation omitted).

¶16 In *Bonamarte*, we held that a district court abused its discretion in allowing a woman to testify telephonically in her dissolution proceeding. We reasoned that the telephonic testimony impaired cross-examination efforts because the woman did not possess pertinent documents, precluded the court from determining the parties' relative credibility vis-a-vis conflicting evidence, and infringed on her spouse's right of confrontation in civil cases pursuant to Rule 611(e), M.R.Evid. *Bonamarte*, 263 Mont. at 175-76, 866 P.2d at 1135.

¶17 *Bonamarte* is readily distinguishable from the present case. Unlike the witness in *Bonamarte* who did not possess pertinent documents and could not testify about them on cross-examination, both Watson and Rowberry indicated they had their reports and were able to refer to them. *See Bonamarte*, 263 Mont. at 176, 866 P.2d at 1135. Rowberry did not

6

have in his possession a photograph of Megard's injury after the jailhouse altercation, but Megard did not object to the admission of the photograph after another witness identified it.

¶18 Highlighting Rowberry's statement that he had not previously testified in district court, Megard argues that the District Court was unable to evaluate Rowberry's credibility. In granting the State's motion to allow telephonic testimony, however, the District Court observed that

> [t]he officers in question are not strangers to any of the participants in the hearing, including the Court. Personal observation of the witnesses testifying under oath is not as crucial in this instance as it would be for a jury, new to the job of judging credibility and unfamiliar with the witnesses.

Megard asserts that the District Court's familiarity with Rowberry outside the courtroom was not "good cause" to allow telephonic testimony.

¶19 The issue under *Bonamarte* is not whether the District Court's familiarity with Rowberry established good cause for permitting his telephonic testimony, but whether the District Court could judge Rowberry's credibility in relation to that of other witnesses. Knowledge of a witness's identity and credentials may constitute a special circumstance under which telephonic testimony is allowed. *Bonamarte*, 263 Mont. at 177, 866 P.2d at 1136 (citations omitted). Moreover, although Megard presented conflicting testimony, other witnesses corroborated Rowberry's testimony. We conclude the admission of telephonic testimony did not impede the court's ability to judge Rowberry's credibility.

¶20 Megard also asserts that, like the spouse in *Bonamarte*, he had a right of confrontation under Rule 611(e), M.R.Evid., which provides the following:

7

Confrontation. Except as otherwise provided by constitution, statute, these rules, or other rules applicable to the courts of this state, at the trial of an action, a witness can be heard only in the presence and subject to the examination of all the parties to the action, if they choose to attend and examine.

His contention ignores the exceptions set forth in Rule 611(e), M.R.Evid.

¶21    Rule 611(e), M.R.Evid., applies except–among other things–as otherwise provided in the evidentiary rules themselves.  Rule 101(c)(3), M.R.Evid., expressly provides that the Rules do not apply to proceedings "granting or revoking probation or parole." *See also State v. Pedersen*, 2003 MT 315, ¶ 20, 318 Mont. 262, ¶ 20, 80 P.3d 79, ¶ 20; *State v. Nelson* (1987), 225 Mont. 215, 218, 731 P.2d 1299, 1301.  Therefore, the District Court did not err in concluding that Rule 611(e), M.R.Evid., was inapplicable to Megard's revocation hearing.

¶22    Notwithstanding the inapplicability of Rule 611(e), M.R.Evid., Megard asserts the admission of telephonic testimony nevertheless violated his constitutional right to confront witnesses.  A revocation hearing is not a criminal trial.  *Pedersen*, ¶ 20 (citation omitted).  Therefore, contrary to Megard's assertion, Article II, § 24, of the Montana Constitution–which secures the right to confront "[i]n all criminal prosecutions"–does not afford him a constitutional right to confront witnesses at his revocation hearing.

¶23    Megard also contends the District Court improperly applied what he calls "common law" minimum due process standards in analyzing his right of confrontation.  It is undisputed that a revocation hearing must be fundamentally fair and must meet minimum due process requirements.  *See, e.g.*, *Pedersen*, ¶¶ 20-21 (citations omitted).  One of the minimum due process requirements is "the right to confront and cross-examine adverse witnesses."  *See,*

8

*e.g.*, *Finley*, ¶ 31 (citing *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62, 36 L.Ed.2d 656).  This right applies "unless the hearing officer specifically finds good cause for not allowing confrontation."  *Gagnon*, 411 U.S. at 786, 93 S.Ct. at 1761-62, 36 L.Ed.2d 656; *see also State v. Kingery* (1989), 239 Mont. 160, 165, 779 P.2d 495, 498 (citations omitted);  *State v. Friedman* (1987), 225 Mont. 373, 377, 732 P.2d 1322, 1325 (citations omitted).

¶24    Megard asserts he was entitled to application of § 46-18-203(4), MCA, rather than the right to cross-examine and confront, absent good cause.  In other words, he contends, the statutory right is broader than that set forth in both Montana and federal case law.  He is incorrect.

¶25    Section 46-18-203(4), MCA, requires that an offender be advised of "the opportunity to question adverse witnesses."  Because Megard's counsel actually cross-examined Watson and Rowberry, he clearly received the statutorily required "opportunity to question."  The minimum due process requirement affording the right to confront–absent good cause–and cross-examine witnesses is broader than merely having the opportunity to question adverse witnesses.  We conclude the District Court did not err in applying the minimum due process requirements instead of § 46-18-203(4), MCA.

¶26    Alternatively, Megard argues no good cause existed for the limitation on his right to confront adverse witnesses and, therefore, the District Court erred in admitting the telephonic testimony.  We agree with Megard's implicit suggestion that good cause to limit the right to

9

confront adverse witnesses is a difficult test to meet. Under the relatively unique circumstances of this case, however, we conclude the good cause test was met.

¶27 Upon receiving the State's April 15 motion to reschedule the revocation hearing, together with defense counsel's agreement to reschedule only to a date prior to April 30, the District Court rescheduled the hearing for April 24 to accommodate both counsel. As later became evident, two of the State's witnesses could not testify in person on the rescheduled date because they were attending scheduled law enforcement academy courses. Given the confluence of scheduling problems presented here, we conclude that good cause existed for the District Court to admit the witnesses' testimony by telephone.

¶28 Finally, we recently determined that actual error in admitting evidence at a revocation hearing can be harmless when abundant evidence admitted without error demonstrates violations of conditions which are sufficient to support a revocation. *See Pedersen*, ¶¶ 21-22. Stated differently, prejudice must result from the improper admission of evidence in revocation hearings. In *Pedersen*, evidence relating to certain alleged violations of probation conditions was improperly admitted but not relied on by the trial court in revoking a suspended sentence. *Pedersen*, ¶¶ 21-22. The probationer had admitted at least two violations and uncontroverted evidence of two other violations was presented. We concluded that, under such circumstances, no abuse of discretion occurred when the trial court revoked the suspended sentence. *Pedersen*, ¶¶ 19, 22.

¶29 Here, even assuming error had occurred, Megard has not established–and could not establish–prejudice under *Pedersen*. As set forth above, Megard admitted three violations

and the District Court determined the State had proven two more: the assault and the failure to provide a urine sample. The telephonic testimony Megard challenges relates only to the assault violation and he asserts no error regarding the other four violations.

¶30 We hold the District Court did not violate Megard's due process rights by admitting telephonic testimony at his revocation hearing.

¶31 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE


Justice W. William Leaphart specially concurring.

¶32 I concur in the result reached by the Court. I would not, however, reach the question of whether the telephonic testimony concerning the assault violations constitutes error. The unchallenged evidence of four other violations is sufficient to sustain the revocation of his suspended sentence.


/S/ W. WILLIAM LEAPHART