

DA 07-0567

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 150N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RONALD FRANCIS MARTIN, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2005-024
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robin A. Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          George H. Corn, Ravalli County Attorney; William Fulbright, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  April 24, 2008

Decided:  April 29, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Ronald Francis Martin ("Martin") from the District Court's August 29, 2007 Judgment on Revocation of Deferred Imposition of Sentence. Martin had been convicted of one count of felony criminal endangerment and two counts of misdemeanor partner or family member assault in July 2005. Imposition of sentence was deferred for a period of three years and Martin was placed on supervised probation. In June 2007, the State petitioned to revoke Martin's deferred sentence, alleging that he had violated certain terms and conditions of his sentence prohibiting his consumption of alcohol, and because he had committed the offense of partner assault against his live-in girlfriend (hereinafter "the girlfriend").

¶3 An adjudicatory hearing was held on July 11, 2007. During the hearing, Martin withdrew his denial that he consumed alcohol and replaced it with an admission. The revocation hearing proceeded, however, with respect to the partner assault charge.

¶4 During her testimony, Martin's girlfriend recanted the story that she had told the investigating officers at the time of the assault. When the investigating officer was called to testify in rebuttal to the girlfriend's testimony, he not only testified as to what the

2

girlfriend told him about the incident, but he also testified, over the objection of Martin's counsel, as to what the girlfriend's nine-year-old daughter had told him. Following this testimony, Martin's counsel requested that all of the daughter's statements be stricken. This motion was subsequently overruled by the court.

¶5 On appeal, Martin raises the sole issue of whether the District Court erred in revoking his probation by reason of the court's admission of the hearsay testimony of his girlfriend's daughter. Martin argues that his right to confront and cross-examine adverse witnesses was violated. He cites *State v. Kingery*, 239 Mont. 160, 165, 779 P.2d 494, 498 (1989).

¶6 In answer, the State contends that Martin does not appeal the revocation of his sentence based on his admission that he consumed alcohol, but, rather, grounds his appeal solely in the confrontation/cross-examination argument. Therefore, the State maintains, regardless of the merits of Martin's arguments on appeal as to the partner assault violation, his revocation must stand. We agree with the State.

¶7 We addressed a similar situation in *State v. Megard*, 2004 MT 67, 320 Mont. 323, 87 P.3d 448. In that case, Megard argued that the district court violated his rights to due process by admitting telephonic testimony at the hearing on a petition to revoke his suspended sentence. The district court determined that Megard admitted to violating three drug and alcohol conditions and that, in addition, in-court testimony established that Megard failed to provide a urine sample upon request and assaulted another inmate at the Lincoln County Detention Center ("LCDC"). *Megard*, ¶¶ 3-9. On appeal, Megard did not challenge the in-court testimony establishing his failure to provide a urine sample, but

3

rather, challenged only the telephonic testimony supporting the allegation that he assaulted another inmate at the LCDC.

¶8 We determined that even where there is actual error in admitting evidence in a revocation hearing, that error can be harmless when abundant evidence is admitted without error demonstrating violations of conditions which are sufficient to support a revocation. *Megard*, ¶ 28 (citing *State v. Pedersen*, 2003 MT 315, ¶¶ 21-22, 318 Mont. 262, ¶¶ 21-22, 80 P.3d 79, ¶¶ 21-22).

¶9 Here, even if we assume for purposes of this Opinion, that the court erred in admitting the hearsay testimony of Martin's girlfriend's daughter on the partner assault charge, Martin has not established—and cannot establish—prejudice, inasmuch as he admitted violating the alcohol condition of his deferred sentence. *Megard*, ¶ 29.

¶10 So long as the probationer is found to have violated one or more conditions of his probation, the judge may revoke the deferred sentence and impose any sentence that might have been originally imposed. Section 46-18-203(7)(a)(iv), MCA. Here, Martin admitted violating the terms of his deferred sentence by consuming alcohol. Whether the court erred in admitting hearsay testimony on another alleged condition violation is immaterial. Accordingly, we decline to reach the merits of Martin's confrontation/cross-examination argument in the partner assault charge.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit. The District Court's findings of fact are not clearly

4

erroneous and the legal issues are controlled by settled Montana law which the District Court correctly interpreted.

¶12     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER