DA 13-0269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 3

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GRAHAM JOSEPH MACKER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DC 09-153C
                  Honorable Heidi Ulbricht, Presiding Judge;
                  Cause No. DC 09-154A
                  Honorable Ted O. Lympus, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Jeanne M. Walker, Hagen & Walker, PLLC, Billings, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney, Kenneth R. Park, Deputy County Attorney, Kalispell, Montana


                          Submitted on Briefs:  December 10, 2013
                                  Decided:  January 7, 2014

Filed:

_____
                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Graham Joseph Macker appeals from an order of the Eleventh Judicial District Court, Flathead County, revoking his suspended sentence and committing him to the custody of the Department of Corrections.  We affirm.

¶2     The following issues are raised on appeal:

¶3     *Issue One:   Whether § 46-16-215, MCA, requires production of independent evidence to corroborate an offender's admission of a violation of the conditions of his or her suspended sentence.*

¶4     *Issue Two:   Whether the District Court violated Macker's right to confront adverse witnesses.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5     On March 31, 2009, Macker was charged with forgery and issuing bad checks.  He pled guilty to both counts on December 17, 2009.  On February 25, 2010, he received a deferred sentence of two consecutive three-year terms, a total of six years, during which he was subject to the supervision of the Department of Corrections, Adult Probation and Parole Bureau.  After about two years, Macker violated the conditions of his supervision.  At a hearing on October 18, 2012, Macker admitted the violations, and the District Court imposed two consecutive three-year commitments to the Department of Corrections, with all time suspended.  During his suspended sentence, Macker remained under the supervision of the Probation and Parole Bureau.  The conditions of his supervision prohibited him from possessing or consuming intoxicants, including alcohol.

2

¶6 On November 8, 2012, Probation Officer Paul Parrish learned that Macker had been treated for alcohol poisoning at Kalispell Regional Medical Center the night before. Parrish visited Macker's home, and Macker admitted that he had consumed a bottle of vodka on the night in question. Parrish also spoke with Macker's mother, who confirmed that her son had been treated at the hospital, and expressed concern about his increased drinking. She told Parrish that Macker had consumed a fifth of alcohol for each of the three previous nights. Parrish obtained a urine sample from Macker, which initially tested positive for opiates. Further analysis by the state crime lab determined that Macker had not been using drugs. The sample was not tested for alcohol.

¶7 A revocation hearing was held January 31, 2013, at which Parrish was the only witness. Parrish testified that Macker had admitted being treated for alcohol poisoning. Parrish also repeated the statement of Macker's mother that he had been drinking for the three nights prior to November 8, and that she was concerned about his "spiraling" alcohol use. Parrish had not obtained any hospital records and the State presented no other evidence of the alleged violation. The District Court found that the State had proven the violation by a preponderance of the evidence. The District Court revoked Macker's suspended sentence and committed him to the custody of the Department of Corrections for a total of six years.

## STANDARD OF REVIEW

¶8 This Court reviews a district court's interpretation and application of a statute de novo. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819. We

exercise plenary review to determine whether a court has violated a probationer's right of due process. *Triplett*, ¶ 13.

## DISCUSSION

¶9     A district court may revoke a suspended sentence if the prosecution has proven, by a preponderance of the evidence, that the offender has violated the terms and conditions of his or her suspended sentence. Section 46-18-203(6), (7), MCA. A revocation hearing is subject to the minimum requirements of due process. *State v. Pedersen*, 2003 MT 315, ¶ 21, 318 Mont. 262, 80 P.2d 79. The offender is entitled to receive written notice of the alleged violation and disclosure of the evidence against him or her. *State v. Finley*, 2003 MT 239, ¶ 31, 317 Mont. 268, 77 P.3d 193. He or she is also entitled to the opportunity to be heard by a neutral arbiter, to confront and cross-examine witnesses, and to present evidence in his or her defense. *Finley*, ¶ 31. Finally, the offender is entitled to receive a written statement of the evidence relied upon by the arbiter and the reason for the revocation. *Finley*, ¶ 31. Our statutes also require that prior to a revocation hearing, the offender must be advised of the allegations against him or her, the opportunity to appear and to present evidence, the opportunity to question adverse witnesses, and the right to be represented by counsel at the revocation hearing. Section 46-18-203(4), MCA. A revocation hearing is not, however, a criminal trial. *State v. Baird*, 2006 MT 266, ¶ 20, 334 Mont. 185, 145 P.3d 995. It is instead a civil proceeding, and the offender is not entitled to the full spectrum of rights and protections that exist in a criminal trial. *Finley*, ¶ 29. Notably, the Rules of Evidence do not apply in a revocation hearing. M. R. Evid. 101(c)(3); *Baird*, ¶ 20.

4

¶10     *Issue One:    Whether § 46-16-215, MCA, requires production of independent evidence to corroborate an offender's admission of a violation of the condition of his or her suspended sentence.*

¶11     Macker argues that the District Court erred by not requiring the State to produce independent evidence corroborating his admission.  Macker cites § 46-16-215, MCA, which states:  "Before an extrajudicial confession of the defendant to the crime charged may be admitted into evidence, the prosecution shall introduce independent evidence tending to establish the commission of the crime charged."  Macker asserts that this rule should be applied to revocation proceedings as well as to criminal trials.  We hold that § 46-16-215, MCA, does not apply to revocation hearings.

¶12     We first note the comments of the Commission on Criminal Procedure, which state that § 46-16-215, MCA, "concern[s] the usefulness of extrajudicial confessions *at a criminal trial*."  Section 46-16-215, MCA, Commission Comments at 667 (2012) (emphasis added).  We also observe that § 46-16-215, MCA, appears in the chapter titled "Trial," and more specifically, the part titled "Rules of Evidence for Criminal Cases."  As we have stated, a revocation hearing is not a criminal trial, and the Rules of Evidence do not apply.  M. R. Evid. 101(c)(3); *Baird*, ¶ 20.  The provisions governing revocation hearings appear in the chapter titled "Sentence and Judgment."  Section 46-18-203, MCA.  Those provisions set forth certain due process protections, which do not include restrictions on the use of extrajudicial admissions.  Section 46-18-203, MCA.  It is apparent that the Legislature contemplated the application of different rules in trials compared to revocation hearings.

¶13 Federal case law also states that a conviction may not rest solely on an uncorroborated confession. *Opper v. United States*, 348 U.S. 84, 93, 75 S. Ct. 158, 164 (1954). We are persuaded by the decisions of other courts, both state and federal, concluding that due process does not require application of this rule to revocation hearings. *United States v. Hilger*, 728 F.3d 947, 950 (9th Cir. 2013); *State v. Lay*, 546 P.2d 41, 42 (Ariz. App. Div. 1 1976); *People v. Monette*, 25 Cal. App. 4th 1572, 1575 (Cal. App. 4th Dist. 1994); *State ex rel. Russell v. McGlothin*, 427 So. 2d 280, 282 (Fla. 2d Dist. App. 1983); *People v. Woznick*, 663 N.E.2d 1037, 1039 (Ill. App. 4th Dist. 1996); *Smith v. State*, 504 N.E.2d 333, 334 (Ind. App. 3d Dist. 1987); *State v. Sanchez*, 790 P.2d 515, 517, (N.M. App. 1990); *Commonwealth v. Kavanaugh*, 482 A.2d 1128, 1133 (Pa. Super. 1984). Revocation hearings are not criminal proceedings, and do not implicate the "full panoply of rights" due a criminal defendant. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972). We therefore hold that neither our statutes nor due process require the State to produce independent evidence corroborating an offender's admission of a violation of the conditions of his or her supervision.

¶14 *Issue Two: Whether the District Court violated Macker's right to confront adverse witnesses.*

¶15 Though the State was not required to produce evidence corroborating Macker's admission, it did so by offering Parrish's testimony that Macker's mother had expressed concern about her son's drinking habits. Macker argues that the admission of this evidence violated his right to due process, because he was not given the opportunity to confront and cross-examine his mother as an adverse witness. The adverse witness

appearing at the revocation hearing was Parrish. Macker was given the opportunity to confront and cross-examine Parrish, and counsel did so. Moreover, the admission of the hearsay statements of Macker's mother was not error, because the Rules of Evidence, including the hearsay rules, do not apply in revocation hearings. M. R. Evid. 101(c)(3); *Baird*, ¶ 20. Macker's right to due process was not violated.

¶16 We affirm the order of the District Court revoking Macker's suspended sentence.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT