FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0676

DA 19-0676

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 112N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES GEORGE BURKETT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 15-206(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William Boggs, Attorney at Law, Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  February 3, 2021

Decided:  May 4, 2021

Filed:

                       _____
                                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles George Burkett appeals from the order of revocation judgment and sentence of the Eleventh Judicial District Court, Flathead County, committing Burkett to the Montana State Prison for eight years with two years suspended. Burkett argues he did not receive a fair revocation hearing because his due process rights were violated when the District Court admitted hearsay through his probation officer's testimony at his revocation hearing. We affirm.

¶3 After pleading guilty to Criminal Endangerment, a felony, Burkett was sentenced to the Department of Corrections for a suspended period of eight years in 2016. On July 5, 2019, the State petitioned to revoke Burkett's suspended sentence because of noncompliance violations.

¶4 Among various minor noncompliance violations, Burkett's main noncompliance violation that the District Court focused on at the revocation hearing was an arrest for indecent exposure. Burkett was charged with indecent exposure in a separate criminal proceeding. The noncompliance violation regarding the indecent exposure charge alleged Burkett failed to follow a condition of his supervision that he comply with all laws.

2

¶5 At the revocation hearing, Burkett's probation officer testified about her conversations with the victims of Burkett's indecent exposure conduct. Burkett was given the opportunity to, and his counsel did, cross-examine his probation officer. Burkett objected to his probation officer's testimony on hearsay and right to confrontation grounds.

¶6 The District Court overruled Burkett's objection on the grounds that hearsay is admissible in a revocation proceeding and Burkett's confrontation rights were not violated because he was afforded to confront and cross-examine the probation officer.

¶7 The District Court found that Burkett violated his sentencing conditions and revoked Burkett's suspended sentence based on the indecent exposure noncompliance violation.

¶8 "Whether a probationer's right to due process has been violated presents a question of law and our review is plenary." *State v. Evans*, 2012 MT 115, ¶ 13, 365 Mont. 163, 280 P.3d 871.

¶9 This Court reviews a district court's decision to revoke a suspended sentence to determine whether it was supported by a preponderance of the evidence and whether the district court abused its discretion. *State v. Sebastian*, 2013 MT 347, ¶ 14, 372 Mont. 522, 313 P.3d 198.

¶10 Burkett argues he was denied his due process right to confront and cross-examine adverse witnesses when his probation officer recited hearsay at his revocation hearing. Burkett contends the revocation of his probation should be reversed and that his prison sentence should be vacated on these grounds.

¶11    A revocation proceeding is not a criminal trial.  It is an exercise of the trial court's supervision over the offender during probation, and the consequence of revocation is execution of a penalty previously imposed.  *State v. Walker*, 2001 MT 170, ¶¶ 12, 15, 306 Mont. 159, 30 P.3d 1099.  A revocation proceeding does not require proof of a criminal offense, does not impose punishment for any new offense, and is an act in the performance of the duty of supervision of liberty.  *State v. Haagenson*, 2010 MT 95, ¶ 16, 356 Mont. 177, 232 P.3d 367.  "The probationer already stands convicted of a crime no matter what the grounds for revocation may be, whether it is the commission of another crime or unauthorized travel."  *State v. Triplett*, 2008 MT 360, ¶ 16, 346 Mont. 383, 195 P.3d 819.  Revocation amounts only to a modification of the terms of the defendant's original sentence and does not constitute punishment for the revocation-triggering offense.  *Haagenson*, ¶ 15.

¶12    The Montana Rules of Evidence, including the rules against hearsay, do not apply in revocation hearings.  Mont. R. Evid. 101(c)(3); *State v. Macker*, 2014 MT 3, ¶ 15, 373 Mont. 199, 317 P.3d 150.  Notwithstanding this exception, a probation revocation hearing must be fundamentally fair.  *State v. Gillingham*, 2008 MT 38, ¶ 26, 341 Mont. 325, 176 P.3d 1075.  A revocation hearing is subject to the minimum requirements of due process.  *Macker*, ¶ 9.  "The offender is entitled to receive written notice of the alleged violation and disclosure of the evidence against him or her."  *Macker*, ¶ 9 (citing *State v. Finley*, 2003 MT 239, ¶ 31, 317 Mont. 268, 77 P.3d 193).  The minimum due

process requirement also encompasses "the opportunity to question adverse witnesses." Section 46-18-203(4), MCA; *Macker*, ¶ 9.

¶13 In *State v. Macker* this Court established that Macker's due process right to question an adverse witness was not violated at his revocation hearing when his probation officer provided testimony regarding what Macker's mother told the probation officer about her son's drinking habits. *Macker*, ¶¶ 5, 7. Macker argued on appeal that the admission of the probation officer's testimony violated his due process right to confront and cross-examine his mother as an adverse witness. *Macker*, ¶ 15. We disagreed, concluding that the adverse witness appearing at the revocation hearing was the probation officer, who Macker cross-examined. *Macker*, ¶ 15. "Moreover, the admission of the hearsay statements of Macker's mother was not error because the Rules of evidence, including hearsay, do not apply in revocation hearings." *Macker*, ¶ 15.

¶14 The District Court did not err when it allowed Burkett's probation officer to provide testimony regarding hearsay at the revocation hearing because the Montana Rules of Evidence do not apply to a probation revocation hearing.

¶15 The District Court did not violate Burkett's minimum due process rights because the revocation hearing was fundamentally fair and met all the requirements that are afforded to a defendant at a revocation hearing. The adverse witness appearing at the revocation hearing was Burkett's probation officer. Similar to *Macker*, Burkett had the opportunity to confront and cross-examine his probation officer, and his counsel did so. We affirm the order of the District Court revoking Burkett's suspended sentence.

5

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JIM RICE