FILED

06/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0351

DA 22-0351

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 135N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ISAAC WILLIAM MACY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-17-119
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Caitlin Boland Aarab, Boland Aarab PLLP, Great Falls, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

         Marcia Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  January 3, 2024

Decided:  June 25, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Isaac William Macy appeals from the Nineteenth Judicial District Court's Judgment and Sentence order revoking Macy's suspended sentence and sentencing Macy to three years with the Department of Corrections. We affirm.

¶3 On November 2, 2017, Macy pleaded guilty to felony theft, common scheme. Macy was sentenced to five years in the Montana Department of Corrections, with three years suspended and credit for 97 days of time served prior to the judgment. Macy began serving the suspended portion of his sentence on September 6, 2021. On February 17, 2022, Lincoln County Sheriff's Deputy James Derryberry received a report from an off-duty police officer of a suspicious vehicle parked at a Libby gas station. The off-duty officer reported that the occupants of the vehicle appeared to be under the influence of methamphetamine and had just driven away.

¶4 Derryberry located and stopped the vehicle, which was being driven by Macy. During the search incident to Macy's arrest, an eyeglass case fell out of his right pantleg. Derryberry reported that Macy immediately informed him, without prompting, that there was a meth pipe in the case. As Derryberry searched and then handcuffed the other occupant of the vehicle, he asked Macy if the meth pipe belonged to him, to which Macy

2

responded, "yeah, it's mine." The case also contained a small baggy with a white crystal substance, which tested positive for methamphetamine. Macy was charged with possession of drug paraphernalia and possession of dangerous drugs on February 28, 2022.[1]

¶5 On March 10, 2022, Macy's probation officer, Darrell Vanderhoef, submitted a Report of Violation alleging Macy violated two conditions of his suspended sentence for failing to comply with all laws and ordinances and using or possessing illegal drugs. The evidence underlying the report was Vanderhoef's explanation that "[o]n February 17, 2022, the defendant was arrested for Criminal Possession of Dangerous Drugs (METHAMPHETAMINE), a Felony, [§] 45-9-102 MCA. Please refer to LCSO Report Number 22LC00828 by Deputy James Derryberry."

¶6 At the April 19, 2022 adjudication hearing, the State called only Vanderhoef. Vanderhoef testified that he "was notified by the Sheriff's Office that [Macy] was cited and arrested and then [he] confirmed that by requesting the Sheriff's Report concerning the arrest." The State moved to admit Derryberry's report. Macy objected to admission of the report because he had not received the report "in this particular case." The District Court declined to admit the report itself, but allowed Vanderhoef to testify to its contents.

¶7 The State elicited testimony from Vanderhoef regarding Macy's statements to Derryberry, as well as Macy's admissions to Vanderhoef when Vanderhoef visited Macy in jail to obtain a urine sample that the pipe and methamphetamine were his and that "he was just going to admit these charges because they were on him." While Macy objected

---

[1] The State later moved to dismiss the criminal case against Macy with prejudice. The District Court granted that motion on August 12, 2022.

3

to the admission of Derryberry's report, he did not object to the admission of his statements to Vanderhoef. Vanderhoef testified on cross-examination that he did not include in his Report of Violation that he personally interviewed Macy, that Macy made admissions during that interview, or that Macy's urine sample was negative for methamphetamine.

¶8     The District Court concluded the State had proved the violations by a preponderance of the evidence, revoked the suspended portion of Macy's original sentence, and committed Macy to three years in custody of the Department of Corrections.

¶9     Our review of whether a probationer's right to due process has been violated is plenary. *State v. Macker*, 2014 MT 3, ¶ 8, 373 Mont. 199, 317 P.3d 150 (citation omitted).

¶10    Macy asserts his right to due process was violated at the adjudication hearing because: (1) the statements contained in Derryberry's report and the statements made to Vanderhoef were not disclosed to him prior to the hearing; and (2) he was unable to cross-examine Derryberry. Macy argues that each of these errors was prejudicial, requiring that we vacate the revocation of his suspended sentence and remand with instructions to reinstate the suspended portion of his sentence with credit for the custodial time he has served in the interim.

¶11    Because a revocation hearing is a civil proceeding, an offender is entitled to a lesser degree of due process protections than a defendant in a criminal trial. *Macker*, ¶ 9 (citing *State v. Finley*, 2003 MT 239, ¶ 29, 317 Mont. 268, 77 P.3d 193). For example, the Rules of Evidence do not apply in a revocation hearing. *Macker*, ¶ 9 (citations omitted). But "a revocation hearing must be fundamentally fair and must meet minimum due process

requirements." *State v. Megard*, 2004 MT 67, ¶ 23, 320 Mont. 323, 87 P.3d 448 (citation omitted). The United States Supreme Court has articulated a list of the minimum due process requirements for a probation revocation hearing, which include:

(1) written notice of the claimed probation violation;
(2) disclosure of the evidence against the defendant;
(3) the opportunity to be heard in person and present testimonial and documentary evidence;
(4) the right to confront and cross-examine adverse witnesses;
(5) a neutral arbiter; and
(6) a written statement of the evidence relied upon by the arbiter and the reason for revoking probation.

*Finley*, ¶ 31 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973)).

¶12 Macy contends that he was deprived due process because although the State provided Vanderhoef's Report of Violation, which listed the grounds for revocation and the source of that information, it only incorporated Derryberry's report by reference. Because he did not receive a copy of Derryberry's report specifically as part of his probation violation proceeding, Macy contends the State failed to disclose the evidence against him. The State acknowledges that Derryberry's report was not attached to the report of violation; however, the prosecutor informed the District Court that the report had been provided to the attorney who was representing Macy in both the revocation proceeding and the criminal case. The State further notes that at the initial hearing on the petition to revoke, the District Court asked Macy, in the presence of his attorney, whether he had the opportunity to review the petition and its attachments, to which Macy responded that he had and neither he nor his attorney expressed a concern about the lack of the report.

5

¶13     The fundamental purpose of due process is to ensure a fair proceeding. Derryberry's report was specifically referenced in the petition to revoke as the basis for the revocation, and Macy does not dispute that it was provided to the attorney who was representing him in both matters. Prior to the revocation hearing, Macy raised no concerns or objections as to the State's failure to disclose evidence in his revocation proceeding, even when provided with the opportunity to do so. Macy's entire argument in this regard boils down to the fact that another attorney stood in for his regular counsel at his revocation proceeding and his stand-in counsel did not find Derryberry's report in the file. This does not constitute a failure of the State to disclose evidence against him and was not a denial of due process.

¶14     Macy also claims that by allowing Vanderhoef to testify to the contents of the Derryberry report, his right to confront and cross-examine adverse witnesses was violated. In *Macker*, we held that a defendant's due process right was not violated when his parole officer testified to statements made by the defendant's mother regarding the defendant's drinking habits. *Macker*, ¶ 15. The defendant asserted he should have been permitted to confront and cross-examine his mother, because she was effectively the "adverse witness" testifying against him. *Macker*, ¶ 15. We held that the defendant's right to due process was not violated because he was able to confront and cross-examine the parole officer at his revocation hearing. *Macker*, ¶ 15.

¶15     Vanderhoef was not barred from testifying to statements that amounted to hearsay, because Montana's Rules of Evidence do not apply to revocation hearings. *Macker*, ¶ 15 (citations omitted). Vanderhoef authored the Report of Violation underlying the revocation

proceeding and he appeared at the hearing. The admission of Vanderhoef's testimony regarding the contents of Derryberry's report did not violate Macy's right to due process for lack of disclosure or lack of confrontation.

¶16 As for Macy's contention, raised for the first time on appeal, that he was denied due process by the admission of Vanderhoef's testimony that Macy admitted to the violations when Vanderhoef visited him in jail, we note that Macy concedes that "[t]he district court based its decision to revoke Macy's suspended sentence *entirely* on his alleged confession to Deputy Derryberry." Since we have held that Vanderhoef's testimony as to the contents of the Derryberry report was properly admitted, we need not consider Macy's objections regarding his admissions to Vanderhoef.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE